UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X

In re:

MAJOSTAN CORP.,

Debtor.

Chapter 11

Case No. 23-40331-ess

----------------------------------X

### INTERNAL REVENUE SERVICE'S NOTICE OF OBJECTIONS TO CONFIRMATION OF THE PLAN PROPONENT'S AMENDED CHAPTER 11 PLAN

The United States of America, on behalf of the Internal Revenue Service (the "IRS"), by and through its attorney BREON PEACE, United States Attorney for the Eastern District of New York, Sylvia Shweder, Assistant United States Attorney, of counsel, hereby submits its objections to the Amended Chapter 11 Plan ("Amended Plan" or "Plan") proposed by Creditor 31st Street Funding LLC ("31st Funding" or "Plan Proponent"), a secured creditor of Debtor Majostan LLC ("Debtor"), on June 18, 2024. *See* ECF No. 75.

As set forth more fully below, the IRS objects to the confirmation of 31st Funding's Amended Plan for three reasons.  First, the Plan does not provide the IRS, which is an unsecured creditor, with adequate protection on its unsecured priority claim in the amount of $21,119.22 because the Plan Proponent failed to address it with specificity in the Amended Plan and the Plan fails to provide that Debtor will pay the priority claim in full within five years of the petition date.  Second, under 11 U.S.C. § 1112(b)(4)(I), the Debtor's failure to pay post-petition federal taxes and file post-petition tax returns constitutes "cause" warranting dismissal or conversion.  Third, the Plan lacks any default provisions.

### BACKGROUND

1. On January 31, 2023 (the "Petition Date"), Debtor filed a Voluntary Petition for

Non-Individuals Filing for Bankruptcy ("Petition") under Chapter 11 of the Bankruptcy Code. ECF No. 1. The Petition did not list any unsecured claims by the IRS. *See id.*

2. On March 9, 2023, the IRS timely filed a proof of claim in this proceeding. Claim Register No. 5-1. On October 4, 2023, the IRS amended the proof of claim in this proceeding. Claim Register No. 5-2. On October 17, 2023, the IRS amended the proof of claim in this proceeding a second time. Claim Register No. 5-3. On November 21, 2023, the IRS amended the proof of claim in this proceeding a third time ("Third Amended Proof of Claim"). Claim Register No. 5-4. The amount the IRS claimed in the Third Amended Proof of Claim was an unsecured priority claim totaling $21,119.22 for estimated unpaid taxes (including $1,150.02 in prepetition interest) incurred from tax years 2019 through 2022 (the "Priority Claim") and an unsecured general claim of $5,850.77 (including $858.47 in prepetition interest) for estimated unpaid taxes incurred in 2018. The Third Amended Proof of Claim explained that the claims are estimated because Debtor did not file tax returns for any of those years. *See* ECF Claim Register No. 5-4 at 4.

3. On April 9, 2024, 31st Funding filed the original Chapter 11 Plan ("Original Plan"). ECF No. 64. The Original Plan listed the IRS' general unsecured claim of $5,850.77. *Id.* § 5.5. The Original Plan, however, did not account for any unsecured priority claim that the IRS held. *See id.*

4. On June 18, 2024, 31st Funding filed an amended Chapter 11 Plan ("Amended Plan"). *See* ECF No. 75. Once again, the Amended Plan listed the IRS' general unsecured claim of $5,850.77 and failed to account for any unsecured priority claim that the IRS held. *Id.* § 5.5.

5. To date, no party in interest has objected to the IRS' Third Amended Proof of Claim.

**OBJECTIONS TO THE PLAN PROPONENT'S CHAPTER 11 PLAN**

A.  <u>The Plan Proponent's Amended Plan does not provide the IRS, which is an unsecured priority creditor, with adequate protection</u>

6. On November 21, 2023, the IRS filed the Third Amended Proof of Claim, which included an unsecured priority claim of $21,119.22 in connection with prepetition taxes and interests from tax years 2019 through 2022. *See* Claim Register No. 5-4.

7. The Third Amended Proof of Claim, executed and filed in accordance with the Federal Rules of Bankruptcy Procedure, is deemed to "constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f); *see also In re Richmond*, 534 B.R. 479, 483 (Bankr. E.D.N.Y. 2015) (Craig, Ch. Bankr. J.). A proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a); *see also In re Richmond*, 534 B.R. at 483.

8. No objection has been filed against the Third Amended Proof of Claim, yet the Plan does not acknowledge that the IRS is an unsecured priority claimant. The unsecured priority claim of $21,119.22 must be addressed in any proposed plan of confirmation, and the IRS is entitled to payments providing adequate protection under any proposed plan of confirmation.

9. The Plan description neglects to include the 2019, 2020, 2021, and 2022, corporate income tax liabilities and should describe with specificity the tax liabilities included in each class of claims and protect the IRS' unsecured priority claim.

10. Further, 11 U.S.C. § 1129(a)(9)(C) requires that priority tax claims be paid in "regular installment payments in cash" plus post-confirmation interest (determined by the applicable statutory rate) over a period not later than five years after the date of the entry of the order for relief (the petition date in voluntary cases). 11 U.S.C. § 507(a)(8) sets forth the priority status of the IRS' unsecured claim. The Plan fails to include this provision.

B.     <u>The Plan is unconfirmable based on Debtor's failure to file tax returns</u>

11.     In fact, before the amount of the Priority Claim can even be determined with certainty or the feasibility of the Plan assessed, Debtor must file the delinquent federal returns. The failure to file those returns provides an independent basis to deny confirmation of the Plan.

12.     Further, under 11 U.S.C. § 1112(b)(4)(I), Debtor's failure to pay post-petition federal taxes and file post-petition tax returns constitutes "cause" warranting dismissal or conversion.

13.     Pursuant to 11 U.S.C. § 521(j), if a debtor fails to file a tax return that becomes due after the commencement of the bankruptcy case, or to properly obtain an extension of the due date for filing the return, the United States may request that the bankruptcy court dismiss the case, or alternatively, convert the case to a Chapter 7 action.[1] *See* 11 U.S.C. § 521(j)(1) ("[I]f the debtor fails to file a tax return that becomes due after the commencement of the case, . . . the taxing authority may request that the court enter an order converting or dismissing the case"); 28 U.S.C. § 960 (taxes must be paid in bankruptcy cases by due date under non-bankruptcy law, unless excused). Here, Debtor did not file the return for 2022 that became due on April 18, 2023 (about three months after the commencement of the bankruptcy case), so conversion or dismissal is appropriate for this reason as well.

C.     <u>The Plan Proponent's Amended Plan lacks any default provisions</u>

14.     The Plan does not include any provisions in the event of default. 31st Funding's Plan cannot be confirmed because the IRS has not accepted the Plan. 11 U.S.C. § 1129(a)(8)(A). Should default occur, the Plan would make the Bankruptcy Court the government's tax collector

---

[1] If a debtor does not file the return or obtain an extension within ninety days after the taxing authority files such request, the court shall convert or dismiss the case, whichever is in the best interests of the creditors and the estate. *See* 11 U.S.C. § 521(j)(2).

and will impose further delay and expense in the collection of the IRS' tax claims through a Chapter 7 bankruptcy.

    15.    The IRS rejects the Plan Proponent's Plan due to the lack of a default provision and submits that the Plan states:

> In the event of default, the IRS should be allowed to proceed with the type of collection it normally would have employed in the absence of bankruptcy and should have the rights it would have had but for the bankruptcy filing of the debtor.
>
> If the debtor or the successor in interest fails to make any deposits of any currently accruing employment tax liability, fails to make payment of any tax to the IRS within ten (10) days of the due date of such deposit or payment, or if the debtor or the successor in interest fails to file any required federal tax return by the due date of such return, then the United States may declare that the debtor is in default of the plan. Failure to declare a default does not constitute a waiver by the United States of the right to declare that the successor in interest or debtor is in default.
>
> If the United States declares the debtor or the successor in interest to be in default of the debtor's obligations under the plan, then the entire amount still due under the Plan, together with any unpaid current liabilities, shall become due and payable immediately upon written demand to the debtor or the successor in interest.
>
> If full payment is not made within fourteen (14) days of such demand, then the IRS may collect any unpaid liabilities through the administrative collection provisions of the Internal Revenue Code.

## **CONCLUSION**

For the foregoing reasons, the Court should respectfully deny confirmation of the Amended Plan.

Dated: Brooklyn, New York
     August 16, 2024

Respectfully submitted,

BREON PEACE
United States Attorney
Eastern District of New York
271-A Cadman Plaza East, 7th Floor
Brooklyn, New York 11201

By:   */s/ Sylvia Shweder*
     Sylvia Shweder
     Assistant U.S. Attorney
     (718) 254-6186
     Sylvia.shweder@usdoj.gov

cc:   **By ECF**
     All Counsel of Record