**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:<br><br>MAJOSTAN CORP.,<br><br>*Debtor*. | ) ) ) ) Chapter 11<br>)<br>) Case No. 23-40331 (ESS)<br>) ) ) ) ) |

### ORDER CONFIRMING AMENDED
### PLAN OF LIQUIDATION FILED BY 31st STREET FUNDING LLC

Upon a hearing to consider confirmation of the Amended Plan (the "Plan") filed by 31st Street Funding Inc. ("31st Funding" or "Plan Proponent") on June 18, 2024 [Docket No. 75]; and the Bankruptcy Court[1] having reviewed the Plan and all exhibits thereto; and the Bankruptcy Court having held such hearing on August 23, 2024 (the "Confirmation Hearing") to consider confirmation of the Plan; the Bankruptcy Court having taken judicial notice of the papers and pleadings on the Bankruptcy Court's docket in the bankruptcy case of the above-captioned debtor (the "Debtor"); and upon the objections to confirmation that were filed by the Internal Revenue Service [ECF No. 83] and the Debtor [ECF No. 84] (collectively, the "Objections to Confirmation"); and upon the Declaration and Memorandum of Doris Shen in Support of Confirmation of the Amended Plan of Liquidation filed by 31st Street Funding LLC and Response to Objections" [ECF No. 86]; and the Objections to Confirmation having been withdrawn, resolved or overruled; and the Bankruptcy Court finding that: (a) notice of the Confirmation Hearing was adequate and appropriate; (b) the Plan meets all requirements for

---

[1] Capitalized terms used herein but not defined herein shall have the meaning ascribed to them in the Plan.

1

confirmation including the applicable requirements of 11 U.S.C. §1129; and (c) the Plan Proponent having established just cause for the relief granted herein;

**THE BANKRUPTCY COURT HEREBY FINDS AND DETERMINES**[2] that:

A. Majostan Corp.. (defined above as the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on January 31, 2023 (the "<u>Petition Date</u>").

B. This Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (L) and (O).

C. As of the Petition Date, the Debtor's principal assets were in Astoria, New York. Accordingly, venue in the Eastern District of New York was proper as of the Petition Date and continues to be proper under 28 U.S.C. §§ 1408 and 1409.

D. The Debtor is an entity eligible for relief under section 109 of the Bankruptcy Code.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

**A.     <u>Confirmation of Plan</u>**

1.     The Plan is hereby confirmed pursuant to section 1129 of the Bankruptcy Code. On the Effective Date of the Plan, except as otherwise provided in the Plan, title to all property of the Debtor's estates shall vest in the Plan Administrator to be transferred to an auction sale purchaser in accordance with the terms of the Plan and the Plan Administrator shall have the authority, and is hereby directed, to carry out the terms of the Plan as set forth therein. The Plan

---

[2] This Confirmation Order constitutes the Bankruptcy Court's findings of fact and conclusions of law under Fed. R. Civ. P. 52, as made applicable by Rule 9014 and 7052. Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact where appropriate.

Administrator shall file with the Court and serve on all parties in interest a notice of the Plan's Effective Date within three (3) business days of the occurrence of such Effective Date.

2. As set forth herein and in the Plan, the classification scheme of Claims and Equity Interests in the Plan is reasonable and complies with the requirements of sections 1122 and 1123 of the Bankruptcy Code. Class 1, in which there were no creditors as of the date hereof, is hereby struck from the Plan. Claims and Equity Interests in each particular Class are substantially similar to other Claims or Equity Interests contained in such Class.

3. The Plan Administrator is hereby authorized to enter into, execute, deliver, file and/or implement any documents and instruments substantially consistent with or incidental to the Plan, and to take such other steps and perform such other acts as may be necessary or appropriate to implement and effectuate the Plan and this Confirmation Order without the need of any further order of the Bankruptcy Court or authorization of the Debtor. On the Effective Date, the Debtor's representatives shall make available for pick up (i) all keys to the real properties located at 23-52 31st Street, Astoria, New York, NY 11105 [Block: 842, Lot: 28] (the "Property") and (ii) copies of the Debtor's original financial books and records[3] (to the extent they exist) including, but not limited to, complete copies of all utility bills for the last 12 months, complete copies of leases, all checks in the Debtor's possession to the debtor in possession bank account, the Properties' leases to the extent they exist (the "Leases") and other such documents to the extent reasonably requested by the Plan Administrator for the purposes of carrying out the terms of the Plan. The Debtor's representatives shall cooperate with the reasonable requests of the Plan Administrator to enter into, execute, deliver, file and/or implement any documents and instruments substantially consistent with or incidental to the Plan, and to take such other steps

---

[3] The Debtor may retain the originals of the books and records if it so chooses.

and perform such other acts as may be necessary or appropriate to implement and effectuate the Plan and this Confirmation Order without the need of any further order of the Bankruptcy Court.

4. Except as otherwise expressly provided in the Plan, on and after the Confirmation Date, the Plan shall bind all Holders of Claims and Equity Interests, whether or not such Holders voted to accept or reject the Plan.

5. Pursuant to section 1146(a) of the Bankruptcy Code and applicable State law, the issuance, transfer, or exchange of a security, or the making or delivery of an instrument necessary or appropriate to effectuate a transfer under the Plan shall not be taxed under any law imposing a stamp tax or other similar tax.

6. All fees payable pursuant to 28 U.S.C. § 1930, together with any interest thereon pursuant to 31 U.S.C. §3717, as determined by the Bankruptcy Court as of the Confirmation Date, to the extent not previously paid by the Debtor, shall be paid by the Plan Administrator from the operating income including any amounts on deposit, if any, in the debtor-in-possession bank account of the estate pending the Closing on the Sale of the Property and, upon the Closing, from the Sales Proceeds and, if applicable, Avoidance Action recoveries. If 31st Funding is the successful bidder based on its combined credit and cash bid, and there are no other funds available to pay the statutory fees pursuant to 28 U.S.C. §1930, together with any interest thereon pursuant to 31 U.S.C. §3717, then such fees shall be paid at the Closing in full by 31st Funding. The Plan Administrator shall pay all fees assessed against the Estate under 28 U.S.C. §1930(a)(6) and any applicable interest thereon from the Post-Confirmation Estate until the entry of a final decree closing this case, conversion of the case to chapter 7, or dismissal, whichever happens earlier.

7. Pursuant to and to the extent set forth in Sections 9.2(d), 9.6, 9.11, 9.12(a), 9.13, and 9.17 of the Plan, the Plan Administrator is vested with the authority to commence and prosecute Causes of Action for the benefit of the estate.

8. As set forth in the Plan, the Leases, if any, are hereby assumed and the Plan Administrator is authorized to execute such documents as are necessary to assign such leases, to the extent they exist, to the purchaser at Closing on the sale auction.

9. Notwithstanding anything to the contrary in the Plan, the Internal Revenue Service has filed a claim, identified as Claim Nos. 5-1 through 5-4 on the Claims Register (collectively, "Claim No. 5"), which include a (1) priority tax claim in the amount of $21,119.22 plus any applicable interest, including post-confirmation interest, fees, and charges as asserted therein, and (2) non-priority, unsecured claim in the amount of $5,850.77, plus applicable interest, fees and charges as asserted therein. As of the date hereof, no objections to Claim No 5 have been filed. For the avoidance of doubt, the Allowed Amount of Claim No. 5, including applicable interest, fees and charges will be paid in full in Cash, with all applicable interest, including post-confirmation interest, fees and charges from the sale proceeds from the sale of the Property (as defined in the Plan) on the Distribution Date.

10. Notwithstanding anything to the contrary in the Plan, the Debtor shall file its 2018, 2019, 2020, 2021, 2022 and 2023 before any distribution to Class 6 interests will be made, provided however, that 2022 and 2023 tax returns shall be filed no later than October 15, 2024, and the balance of the returns, the 2018, 2019, 2020, and 2021 shall be filed no later than December 31, 2024. For the avoidance of doubt, there shall be no distribution to Class 6 interests until all such returns are filed and liabilities associated therewith paid.

11. The Plan is hereby modified with the following provisions regarding default:

> Notwithstanding anything to the contrary in the Plan, in the event of default, the IRS should be allowed to proceed with the type of collection it normally would have employed in the absence of bankruptcy and should have the rights it would have had but for the bankruptcy filing of the debtor.
>
> If the debtor or the successor in interest fails to make any deposits of any currently accruing employment tax liability, fails to make payment of any tax to the IRS within ten (10) days of the due date of such deposit or payment, or if the debtor or the successor in interest fails to file any required federal tax return by the due date of such return, then the United States may declare that the debtor is in default of the plan. Failure to declare a default does not constitute a waiver by the United States of the right to declare that the successor in interest or debtor is in default.
>
> If the United States declares the debtor or the successor in interest to be in default of the debtor's obligations under the plan, then the entire amount still due under the Plan, together with any unpaid current liabilities, shall become due and payable immediately upon written demand to the debtor or the successor in interest.
>
> If full payment is not made within fourteen (14) days of such demand, then the IRS may collect any unpaid liabilities through the administrative collection provisions of the Internal Revenue Code.

12. The Bankruptcy Court ~~retains~~ ***may retain*** jurisdiction over the Debtor, the Plan Administrator, and the Plan to the fullest extent as permitted by applicable law in order to, without limitation, resolve disputes over the implementation or interpretation of this Confirmation Order.

**B.     <u>Administrative Bar Date-Professional Fees/Section 503 Claims</u>**

13. The date by which (i) all retained professionals, including Debtor's counsel and any retained accountant, must file an application with the Bankruptcy Court for allowance of professional fees, and (ii) Plan Proponent must file a claim, if any, for fees and/or expenses pursuant to section 503(b), shall be no later than 30 days after the Effective Date (the "<u>Administrative Bar Date</u>") so that adequate reserves may be established at Closing. Any fees or expenses not sought by the Administrative Bar Date shall be deemed waived and disallowed. Such applications shall be filed with the Bankruptcy Court and served on the Debtor, Debtor's

counsel, the Plan Proponent, and the Office of the United States Trustee.  Plan Proponent's application, if any, shall include an estimate of fees through Closing.

C.      **Binding Effect**

14.     In accordance with section 1141 of the Bankruptcy Code, the provisions of the Plan shall be binding upon the Debtor, any official or unofficial committee (if any), any Person acquiring or receiving property under the Plan, any party to a contract or agreement with any Debtor, any lessor or lessee of property to or from the Debtor and any holder of a Claim against or an Equity Interest in the Debtor, whether or not such Claim or Equity Interest is Impaired under the Plan and whether or not such holder has filed a proof of Claim or Equity Interest or has accepted the Plan or is entitled to a Distribution.  In accordance with section 1141(d)(3) of the Bankruptcy Code, this Confirmation Order shall not be deemed to discharge any of the Debtor's debts.

D.      **Effectiveness of All Actions**

15.     Except as set forth in the Plan, all actions authorized to be taken pursuant to the Plan shall be effective on or after the Confirmation Date pursuant to the Confirmation Order, without further application to, or order of the Bankruptcy Court.

16.     Consistent with section 1142 of the Bankruptcy Code, the Debtor and Post-Confirmation Debtor are hereby authorized and directed, to the extent necessary and as requested by the Plan Administrator, to execute or deliver or to join in the execution or delivery of any and all instruments required to effect a transfer of the Properties, including any assumed leases and funds in the debtor-in-possession bank accounts, and to perform any act, including the satisfaction of any Lien, that is necessary for the consummation of the Plan and, pursuant to section 1146 of the Bankruptcy Code, the issuance, transfer, or exchange of any security and the

making or delivery of any instrument of transfer in connection with or in furtherance of the Plan which shall not be subject to tax under any law imposing a stamp tax, real estate transfer tax, mortgage recording tax or similar tax.  The Plan Administrator is hereby authorized and directed to carry out the Debtor's obligations in the Debtor's name in the event the Debtor or Post-Confirmation Debtor fails or refuses to do so.

### E. Approval of Consents

17. This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, and regulations of all states and any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts and transactions referred to in or contemplated by the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto.

### F. Effect of Conflict Between the Plan and Confirmation Order

18. If there is any direct conflict between the terms of the Plan and the terms of this Confirmation Order, the terms of this Confirmation Order shall control.

### G. Final Confirmation Order and Effectiveness Thereof

19. This Confirmation Order is a final order and the period in which an appeal must be filed shall commence upon the entry hereof, <u>provided however</u> that this Order shall take effect after the 14 day stay under Bankruptcy Rule 3020(e) expires unless a separate stay has been obtained from a court of competent jurisdiction.

### H. General Provisions

20. The Plan is incorporated in full herein and is approved hereby.  Failure specifically to include or refer to any particular sections or provisions of the Plan or any related

agreement in the Confirmation Order shall not diminish or impair the effectiveness of such sections or provisions, it being the intent of the Bankruptcy Court that the Plan be confirmed and such related agreements be approved in their entirety.

21.     The provisions of this Confirmation Order are non-severable and mutually dependent.

22.     Notwithstanding anything to the contrary herein, in the Plan or otherwise, the Plan Administrator shall file objections, if any, to claims or interests by no later than three (3) business days prior to the Closing (the "Objection Deadline") and the Plan Administrator shall file and serve no less than ten (10) days prior to the scheduled Closing a notice of Closing on all parties in interest, and further any claims or interests not objected to by the Objection Deadline shall be deemed Allowed for all purposes under the Plan.

23.     The Debtor shall, within ten days from the entry of this Confirmation Order, simultaneously file and provide to the Office of the United States Trustee operating reports indicating the cash disbursements for any period for which operating reports have not been filed through the date hereof.

24.     Notwithstanding anything to the contrary herein, in Section 1.4 of the Plan, or otherwise, any party in interest may object to any claim asserted by 31st Funding including 31st Funding's prepetition claim, claim for postpetition legal fees, interest, and/or advances or substantial contribution, provided however that any such objections shall be filed with the Bankruptcy Court and served on 31st Funding so as to be received by 31st Funding's counsel no later than 4:00 PM on the Objection Deadline, and further, to the extent any such claim or portion thereof is not objected to by the Objection Deadline it shall be deemed Allowed for all purposes under the Plan.

25. Following the Effective Date of the Plan, the Plan Administrator shall file with the Court post-confirmation status and disbursement reports, with such reports to be filed (i) each quarter, by the 20th day after the conclusion of the relevant reporting quarter, (ii) utilizing forms promulgated in compliance with 28 CFR § 58.8, and (iii) until the entry of a final decree closing this case, conversion of the case to chapter 7, or dismissal, whichever happens earlier.

26. Within 14 days following the full administration of the estate, but not later than 18 months following the entry of the order confirming a plan, the Plan Administrator shall file, on notice to the United States Trustee, an application and a proposed order for a final decree pursuant to Bankruptcy Rule 3022.



Dated: Brooklyn, New York
August 26, 2024

_____
Elizabeth S. Stong
United States Bankruptcy Judge